IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, as Subrogee of VINCENT A. PACITTI, JR. | : : : : | CIVIL ACTION - LAW |
| v. | : : : | **JURY TRIAL DEMANDED** |
| ANDALUSIA WHOLESALE SUPPLY, INC. a/k/a ANDALUSIA ROOFING SUPPLY and SOUTHAMPTON ROOFING & SIDING, INC. a/k/a SOUTHAMPTON ROOFING & CONTRACTORS, INC. | : : : : : : | NO. 02-3427 |

**ANSWER OF DEFENDANT, ANDALUSIA SUPPLY COMPANY, INC. (INCORRECTLY DESIGNATED AS ANDALUSIA WHOLE SALE SUPPLY, INC. a/k/a ANDALUSIA ROOFING SUPPLY), TO PLAINTIFF'S COMPLAINT TOGETHER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM**

Defendant, Andalusia Supply Company, Inc. (incorrectly designated as Andalusia Wholesale Supply Company, Inc. a/k/a Andalusia Roofing Supply), by and through its attorneys, Sweeney & Sheehan, hereby answers Plaintiff's Complaint as follows:

1. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial.

2. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial.

3. Denied. By way of further answer, the proper name of Answering Defendant is Andalusia Supply Company, Inc., which is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 850 Highland Avenue, Bensalem, Pennsylvania 19028.

4. The averments of this paragraph relate to a Defendant other than Answering Defendant, and no response is required.

## JURISDICTION OF VENUE

5. Denied. This averment constitutes a conclusion of law requiring no answer.

## GENERAL ALLEGATIONS

6. The averments contained in this paragraph relate to a Defendant other than Answering Defendant, and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

7. The averments contained in this paragraph relate to a Defendant other than Answering Defendant, and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

8. Denied. This averment constitutes a conclusion of law requiring no answer. By way of further answer, it is specifically denied that Pacitti was an intended third party beneficiary of any contract.

9. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response.

10. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response.

11. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response.

12. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response.

13. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response.

14. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response.

## COUNT I

## NEGLIGENCE v. ANDALUSIA

15. Answering Defendant incorporates by reference Paragraphs 1 through 14 herein as if more fully set forth herein at length.

16.     Denied. This averment constitutes a conclusion of law requiring no answer. It is specifically denied that the roof collapse and resulted damages were caused by Answering Defendant. It is specifically denied that Answering Defendant was in any way negligent, grossly negligent, careless, and/or reckless. By way of further answer, it is specifically denied that Answering Defendant:

(a) Placed 10,000 pounds of weight on a concentrated area of the roof at the subject premises;

(b) Caused and/or allowed the aforesaid roofing collapse to occur;

(c) Failed to properly supervise and direct work performed by its employees and/or subcontractors;

(d) Performed the aforesaid restoration and/or repair work in an improper or unsafe manner;

(e) Permitted the aforesaid restoration and repair work in such manner as to permit damages to be incurred at the subject premises;

(f) Failed to assure that applicable rules, regulations, ordinances, codes and/or statutes were observed;

(g) Failed to take necessary precautions to protect the subject premises from damage;

(h) Failed to take all reasonable and necessary precautions to minimize the potential risk to the subject premises; and/or,

(i) Otherwise failed to exercise due care under the circumstances and which may be revealed during the course of discovery in this matter.

17. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response. By way of further answer, it is specifically denied that Answering Defendant was in any way negligent, careless, and/or grossly negligent.

**WHEREFORE**, Answering Defendant demand judgment be entered in its favor, and against the Plaintiff, together with all reasonable interest, expenses, counsel fees and costs.

## COUNT II

## BREACH OF CONTRACT v. ANDALUSIA

18. Answering Defendant incorporates by reference Paragraphs 1 through 17 hereof as if more fully set forth herein at length.

19. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response. By way of further answer, there was no contract and/or subcontract between the Defendants.

20. Denied. This averment constitutes a conclusion of law requiring no answer.

21. Denied. This averment constitutes a conclusion of law requiring no answer. By way of further answer, it is specifically denied that Answering Defendant breached any contract.

22. Denied. This averment constitutes a conclusion of law requiring no answer. By way of further answer, it is specifically denied that Answering Defendant breached any contract.

23. Denied. After reasonable investigation, Answering Defendant is without information sufficient to affirm or deny the averments of this paragraph and strict proof is demanded at time of trial. For further answer, these averments constitute conclusions of law requiring no response. It is specifically denied that Answering Defendant breached any contract.

**WHEREFORE**, Answering Defendant demand judgment be entered in its favor, and against the Plaintiff, together with all reasonable interest, expenses, counsel fees and costs.

### COUNT III

### BREACH OF EXPRESSED AND IMPLIED WARRANTIES v. ANDALUSIA

24. Answering Defendant incorporates by reference Paragraphs 1 through 23 hereof as if more fully set forth herein at length.

25. Denied. This averment constitutes a conclusion of law requiring no answer. It is specifically denied that Answering Defendant made any express and/or implied warranties to Pacitti.

26. Denied. This averment constitutes a conclusion of law requiring no answer. It is specifically denied that Answering Defendant made any express and/or implied warranties to Pacitti. By way of further answer, it is specifically denied that Answering Defendant breached any express and/or implied warranties.

27. Denied. This averment constitutes a conclusion of law requiring no answer. It is specifically denied that Answering Defendant made any express and/or implied warranties to Pacitti. By way of further answer, it is specifically denied that Answering Defendant breached any express and/or implied warranties.

**WHEREFORE**, Answering Defendant demand judgment be entered in its favor, and against the Plaintiff, together with all reasonable interest, expenses, counsel fees and costs.

## COUNT IV

## NEGLIGENCE v. SOUTHAMPTON

28. Answering Defendant incorporates by reference Paragraphs 1 through 27 hereof as if more fully set forth herein at length.

29. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

30. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

**WHEREFORE**, Answering Defendant demand judgment be entered in its favor, and against the Plaintiff, together with all reasonable interest, expenses, counsel fees and costs.

## COUNT V

## BREACH OF CONTRACT v. SOUTHAMPTON

31. Answering Defendant incorporates by reference Paragraphs 1 through 30 hereof as if more fully set forth herein at length.

32. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

33. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

34. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

35. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

36. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

**WHEREFORE**, Answering Defendant demand judgment be entered in its favor, and against the Plaintiff, together with all reasonable interest, expenses, counsel fees and costs.

## COUNT VI

**BREACH OF EXPRESS AND IMPLIED WARRANTIES v. SOUTHAMPTON**

37. Answering Defendant incorporates by reference Paragraphs 1 through 36 hereof as if more fully set forth herein at length.

38. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

39. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

40. The averments contained in this paragraph relate to a Defendant other than Answering Defendant and no response is required. To the extent the averments contained in this paragraph relate to Answering Defendant, same are denied as conclusions of law.

**WHEREFORE**, Answering Defendant demand judgment be entered in its favor, and against the Plaintiff, together with all reasonable interest, expenses, counsel fees and costs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any were caused by the negligence and/or liability producing acts or omissions of parties or other entities over whom Answering Defendant neither has control nor the ability to control.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the contributory negligence of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102, et seq, apply in this case to limit or bar Plaintiff's cause of action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his own conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's breach of warranty claim must fail for lack of notice.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's breach of warranty claim must fail for lack of privity.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred in that any warranties were effectively disclaimed, limited or modified.

**NINTH AFFIRMATIVE DEFENSE**

Answering Defendant did not make any warranties, express and/or implied, and, if it did, Answering Defendant did not breach any such warranties, express and/or implied.

**TENTH AFFIRMATIVE DEFENSE**

All claims against Answering Defendant are barred by the Doctrine of Spoliation of Evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**

There was no legal duty owed by Answering Defendant to the Plaintiff and/or any other party any time material hereto.  In the alternative, if any duty was owing, there was no breach of that duty by Answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate damages and any recovery on the part of Plaintiff should be reduced accordingly.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by Plaintiff were not proximately caused by any act or omission on the part of Answering Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, Answering Defendant exercised due care under the circumstances and acted in accordance with all applicable codes and standard industry practices.

**CROSSCLAIM PURSUANT TO FED. R.CIV.P. 13(g)**

If the allegations of Plaintiff's Complaint are shown to be true, any negligence or liability on the part of Defendant, Andalusia Supply Company, Inc., being expressly denied, then the Defendant, Southampton Roofing & Siding, Inc. a/k/a Southampton Roofing & Contractors, Inc., is primarily liable therefor, and is liable over to Defendant, Andalusia Supply Company, Inc., by way of indemnity for any amounts which the said Defendant might be required to pay Plaintiff; or, in the alternative, Defendant, Southampton Roofing & Siding, Inc. a/k/a Southampton Roofing & Contractors, Inc., is liable to Defendant, Andalusia Supply Company, Inc., for contribution.

**WHEREFORE**, Answering Defendant, Andalusia Supply Company, Inc., demands judgment of indemnity against Defendant, Southampton Roofing & Siding, Inc. a/k/a Southampton Roofing & Contractors, Inc., for all sums which Answering Defendant may be required to pay Plaintiff or, in the alternative, for contribution.

**SWEENEY & SHEEHAN**

By:_____
J. Michael Kunsch
Identification No. 61922
Attorney for Defendant,
Andalusia Wholesale Supply, Inc.

1515 Market Street
Suite 1900
Philadelphia, Pennsylvania 19102
(215) 563-9811

DATE: